UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLCOMB,<br><br>          Plaintiff,<br><br>     v.<br><br>CALIFORNIA BOARD OF PSYCHOLOGY, et al.,<br><br>          Defendant. | No. 2:15-cv-02154-KJM-CKD<br><br>ORDER |

On October 16, 2015, plaintiff filed a motion for a temporary restraining order ("TRO"). ECF No. 4. Plaintiff asks the court to restrain the California Board of Psychology ("BOP") from continuing to withhold her license to practice, and to order the U.S. Marshal to retrieve stolen HIPAA records on John Doe. *Id.*

As explained below, because the plaintiffs' motion does not meet the requirements of the local rules, it is denied without prejudice.

/////

/////

/////

/////

1

The Local Rules of this district impose the following requirements on litigants who seek TROs:

> No hearing on a temporary restraining order will normally be set unless the following documents are provided to the court and, unless impossible under the circumstances, to the affected parties or their counsel:
>
> (1) a complaint;
>
> (2) a motion for temporary restraining order;
>
> (3) a brief on all relevant legal issues presented by the motion;
>
> (4) an affidavit in support of the existence of an irreparable injury;
>
> (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given, . . . ;
>
> (6) a proposed temporary restraining order with a provision for a bond . . . ;
>
> (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance . . . ; and
>
> (8) in all instances in which a temporary restraining order is requested ex parte, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow.

E.D. Cal. L.R. 231(c).

If a motion is compliant with the Local Rules, a temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief, *see Stuhlbarg*, 240 F.3d at 839 n.7: whether the moving party (1) "is likely to succeed on the merits," (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the

balance of equities tips in [its] favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, plaintiff has not provided the specific documents as required by Local Rule 65-231(c), and so the court does not consider the merits of plaintiff's motion.[1]

The court DENIES the motion for temporary restraining order WITHOUT prejudice.

IT IS SO ORDERED.

DATED:  October 18, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court reminds plaintiff that by presenting a motion to the court, plaintiff's attorney certifies that to the best of his or her knowledge, information, and belief, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." Fed. R. Civ. P. 11; *cf.* ECF No. 4 at 11–12 (stating "[m]odern science tells us that with severe stress the adrenal gland begins to work overtime sending the stress hormone Cortisol into the bloodstream of the body . . . that are detrimental if they continue. . . .").