UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY HOLCOMB,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA BOARD OF PSYCHOLOGY, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-02154-KJM-CKD<br><br><br>ORDER |

This action arises primarily from defendant California Board of Psychology's (CBP) denial at one point of plaintiff Peggy Holcomb's license to practice psychology. This matter is before the court on a motion to dismiss or, alternatively, for a more definite statement filed by the CBP and individual defendants. ECF No. 25. After plaintiff missed the deadline for opposing the motion and the court submitted the matter as provided by Local Rule 230(g), plaintiff's counsel moved for additional time to file an opposition. ECF No. 27. Although the court was not persuaded by plaintiff counsel's explanation, the court granted the request in the interest of resolving the motion on the merits. ECF No. 30. Plaintiff then filed an opposition, ECF No. 31, and the matter remained submitted. As explained below, the court GRANTS defendants' motion to dismiss.

/////

I.     BACKGROUND

The court summarized the allegations of the complaint and the procedural history in its November 23, 2015 order denying plaintiff's motion for a temporary restraining order, and so does not repeat it here. *See* ECF No. 23 at 1–5. The complaint asserts seven causes of action: violation of procedural due process under 42 U.S.C. § 1983; age discrimination under § 1983; violation of substantive due process under § 1983; violation of the right to association under the First Amendment; conspiracy to violate plaintiff's rights; intentional infliction of emotional distress; and interference with the right to counsel under the Sixth Amendment. *See generally* Compl., ECF No. 1. The complaint requests declaratory relief, the return of John Doe's files to his parents, an order ceasing all further actions by the CBP pending resolution of this case, a temporary restraining order restraining the CBP from withholding plaintiff's license, an order taking the CBP into federal receivership, "damages to be awarded according to proof," costs, and attorneys' fees. *Id.* at 25–26.

Since the issuance of the court's November 23, 2015 order, plaintiff has notified the court that the CBP issued plaintiff a license to practice psychology on January 21, 2016. ECF No. 31 at 2. On January 27, 2016, the investigator for the CBP informed plaintiff that the investigation by the CBP had concluded and its case was closed. *Id.*; ECF No. 31-1.

II.    LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the court's subject matter jurisdiction. *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). The Federal Rules of Civil Procedure provide, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1    Although a complaint need contain only "a short and plain statement of the claim
2    showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion
3    to dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a
4    claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting
5    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something
6    more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and
7    conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting
8    *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss
9    for failure to state a claim is a "context-specific task that requires the reviewing court to draw on
10   its judicial experience and common sense." *Id.* at 679.

11   In making this context-specific evaluation, this court must construe the complaint
12   in the light most favorable to the plaintiff and accept as true the factual allegations of the
13   complaint.  *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  This rule does not apply to "a legal
14   conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted*
15   *in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to
16   judicial notice" or to material attached to or incorporated by reference into the complaint.
17   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988–89 (9th Cir. 2001).  A court's
18   consideration of documents attached to a complaint, documents incorporated by reference in the
19   complaint, or matters of judicial notice will not convert a motion to dismiss into a motion for
20   summary judgment.  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of*
21   *Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News*
22   *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond
23   pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6)
24   motion).
25   /////
26   /////
27   /////
28   /////

III.     DISCUSSION

    A.     Standing and Mootness

Defendants first move to dismiss the complaint for lack of subject matter jurisdiction because plaintiff lacks standing and certain claims are moot. To have Article III standing, a plaintiff must show that

> (1) [she] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). At this initial stage of litigation, it is enough for a plaintiff to allege and not prove these three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Relatedly, the court lacks subject matter jurisdiction when the controversy before it becomes moot. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Plaintiff's claims for declaratory relief and an order requiring the CBP to issue plaintiff's license to practice psychology are now moot, because plaintiff has received her license. *See* ECF No. 31 at 2. Plaintiff concedes in her opposition that her claims for declaratory and injunctive relief should be dismissed as moot. *Id.* The court DISMISSES plaintiff's claims for declaratory relief and a temporary restraining order as moot.

The court also finds the complaint does not satisfy the Article III requirements to establish standing to bring claims for damages or other equitable relief. With respect to "injury in fact," the complaint pleads only conclusory assertions that plaintiff has suffered "severe harm," Compl. ¶ 48, "significant economic damages," *id.* ¶ 75, or "severe psychological damages," *id.*, without providing any factual support for such assertions. The complaint generally requests "damages to be awarded according to proof." *Id.* at 26. The only non-conclusory allegation is

1  that plaintiff's employer, the California Department of Corrections and Rehabilitation, gave her a
2  mandate that she would lose her job if she was not licensed by November 1, 2015. *Id.* ¶ 88.
3  However, at the time of the filing of the complaint, that injury was speculative, and therefore
4  could not establish an "injury in fact." *See Friends of the Earth, Inc.*, 528 U.S. at 180–81. And
5  now that the date has passed, her hypothetical retrospective job loss cannot support any claims for
6  prospective relief. Plaintiff has not represented to the court that she in fact lost her job and has
7  not sought leave to amend the complaint to add such an allegation. The complaint does not show
8  how ordering the return of John Doe's files to his parents, enjoining "all further actions by the
9  [CBP]" or imposing receivership on CBP would prevent or redress any injury to plaintiff. *See*
10 Compl. at 25.

11          In her opposition brief, aside from repeating her conclusory and hypothetical
12 allegations of injury, plaintiff only generally argues that *Lujan* "is not applicable" here. ECF
13 No. 31 at 6. In their motion, defendants cite *Lujan* to articulate the basic Article III standing
14 requirements set forth above. ECF No. 25 at 6. Rather than demonstrate how plaintiff has
15 satisfied these standing requirements, which are well-established, plaintiff attempts to discredit
16 *Lujan* or distinguish its facts:

> It is as though defendant selected a case that has marginal, if any, relationship to case [sic] at hand . . . . There is no applicability of *Lujan* whatsoever. The case has received cautionary treatment in future case [sic] one hundred sixty-two times . . . . Plaintiff asserted damages according to proof. She identified the general nature and type of damages with enough specificity to overcome a motion to dismiss.

21 ECF No. 31 at 6–7.

22          Plaintiff's conclusory allegations are insufficient to establish an "injury in fact" so
23 as to support her request for damages or equitable relief. In addition, plaintiff has not shown how
24 the requested equitable relief would correct any injury to her. Accordingly, the court
25 DISMISSES plaintiff's remaining claims for lack of standing.

26          Because the court has dismissed plaintiff's claims for equitable relief, the court
27 need not reach defendants' abstention argument. *See* ECF No. 25 at 8–10. With respect to
28 *Younger* abstention, it does not appear that any state proceedings are currently pending. *See*

*Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32 (1982).

### B. Eleventh Amendment

The Eleventh Amendment provides an additional basis for dismissing plaintiff's claims against the CBP and state officials in their official capacity. "Claims under § 1983 are limited by the scope of the Eleventh Amendment." *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Actions against states and state officials in their official capacities can proceed only in three circumstances: when the state gives its consent; when Congress abrogates the state's Eleventh Amendment immunity in a valid exercise of power; and when a plaintiff seeks prospective relief from a government official. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996); *Green v. Mansour*, 474 U.S. 64, 68 (1985).

Here, the CBP is part of the California state government, Cal. Bus. & Prof. Code §§ 100–01, California has not consented to this action, and Congress did not abrogate California's immunity in passing § 1983, *Quern v. Jordan*, 440 U.S. 332, 341 (1979). *See also Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999). In addition, the court has dismissed plaintiff's claims for prospective relief for lack of jurisdiction. Accordingly, the CBP and its officials are shielded from liability by Eleventh Amendment immunity.

### C. Failure to State a Claim

Many of plaintiff's claims also suffer from defects under Rule 12(b)(6). The court notes plaintiff did not respond to defendants' arguments based on Rule 12(b)(6) in her opposition. The court first finds the complaint fails to state plausible claims against Antonette Sorrick, Michael Erickson, Jacqueline Horn, Nicole Jones, Miguel Gallardo, Lucille Acquaye-Badoo, Johanna Arias-Bhatia, Andrew Harlem, Linda Starr, Stephen Phillips, and Does 1–300, because it pleads only vague and conclusory allegations against them and lumps them together with other defendants, *see, e.g.*, Compl. ¶¶ 21–24, 72, 77–80; the complaint does not plead any factual allegations regarding these individuals' particular involvement in the alleged misconduct. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and

/////

6

1 conclusory allegations of official participation in civil rights violations are not sufficient to
2 withstand a motion to dismiss.").

3         In addition, plaintiff's claims for conspiracy and intentional infliction of emotional
4 distress rely only on conclusory allegations without factual support. *See* Compl. ¶¶ 71–80. The
5 complaint likewise fails to plead sufficient factual allegations to state a plausible claim for age
6 discrimination. The complaint alleges only that "[t]he staff at the [CBP] are all quite young and
7 most [sic] certainly perceive someone who is fifty years old as virtually ancient. No one else has
8 been subjected to this type of illegal process." *Id.* ¶ 53. Such a speculative assumption without
9 any factual support does not state a plausible claim of age discrimination.

10         Finally, several of plaintiff's claims are a stretch, to say the least. *Id.* ¶ 70
11 (alleging the CBP's actions prevented plaintiff from "engaging in appropriate association
12 consistent with the First Amendment in her attempts to freely associate with the minor child John
13 Doe"); *id.* ¶¶ 81–85 (alleging an intimidating e-mail from a CBP investigator to plaintiff's
14 counsel in this civil action violated plaintiff's own Sixth Amendment right to counsel); *id.*
15 ¶¶ 96-101 (asking the court to apply the exclusionary rule and doctrine of fruit of the poisonous
16 tree to plaintiff's reports on John Doe, and as a result, to order the CBP "to destroy all notes,
17 computer entries, call logs, messages, files, back-up data, computer files and any other
18 information about an alleged complaint regarding [plaintiff]").

19     D.    <u>Leave to Amend</u>

20         Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely
21 give leave [to amend the pleadings] when justice so requires," and the Ninth Circuit has "stressed
22 Rule 15's policy of favoring amendments," *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149,
23 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to
24 amend,] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on
25 the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*,
26 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.
27 1981)). However, "liberality in granting leave to amend is subject to several limitations . . . .
28 includ[ing] undue prejudice to the opposing party, bad faith by the movant, futility, and undue

delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (internal citations and quotation marks omitted).

Here, it would be futile to grant plaintiff leave to amend her claims for declaratory and injunctive relief, because they are jurisdictionally barred.  It would likewise be futile to grant plaintiff leave to amend her § 1983 claims against the CBP or the CBP officials sued in their official capacity, because they are shielded from liability under the Eleventh Amendment.

Finally, given the number of deficiencies in plaintiff's complaint, both with respect to standing and the pleading requirements, the court finds it would be futile to grant leave to amend the claims against the CBP officials in their individual capacity.  *Cf. Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); Fed. R. Civ. P. 4(m) (providing for dismissal of defendants not served within ninety days of filing of the complaint unless plaintiff shows good cause).

In its November 23, 2015 order, the court noted its impression that plaintiff's counsel was unfamiliar with the requirements imposed by the Federal Rules of Civil Procedure, this district's Local Rules, and federal law with respect to temporary injunctive relief.  ECF No. 23 at 2 n.1.  Despite the court's warning in a previous order, plaintiff's counsel had again argued, without citation to authority, that the release of Cortisol into plaintiff's bloodstream constituted irreparable harm.  *See id.* at 7.  The state of plaintiff's current filings likewise demonstrates a misunderstanding of federal law with respect to jurisdiction, constitutional law, and basic pleading requirements.  The court allowed plaintiff to file an opposition brief despite missing the filing deadline, but the opposition brief is difficult to comprehend and does not respond to the majority of the arguments raised in defendant's motion.  Plaintiff does not request the opportunity to amend in her filing.  In these circumstances, and considering the obvious absence of any allegations suggesting a plausible basis for relief, the court finds amendment would be futile.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to dismiss and DISMISSES the complaint WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

DATED: June 2, 2016.

_____
UNITED STATES DISTRICT JUDGE